The opinion of the Court was afterwards delivered by
Parsons, C. J.
[After p history of the action and the pleadings.] Upon this record we are to decide for which of the parties judgment is to be rendered.
[ *129 ] * The first question arising on the record is, whether title to real estate was pleaded in bar, so that the justice could not proceed. For if it was not, the justice ought to have rejected the plea, required the general issue, and proceeded to trial; and from his judgment either party aggrieved might have appealed to the Court of Common Pleas; and in no other way can that Court have jurisdiction, when title to real estate is not pleaded in bar, agreeably to the express provisions of the statute of 1783, c. 42. § 2. .
On the first impression I was strongly inclined against the regularity of the justice’s proceedings; but on further consideration I am satisfied that the justice did right. The defendant pleaded an easement for the public in the plaintiff’s land. This is not personal estate, but is a real franchise holden by the commonwealth for the benefit of all the citizens, and which greatly affects the plaintiff’s interest in the close. And although in common parlance a right of way over the land of others may not be called real estate, yet I think it must be so considered within this statute (a). The intention of the statute is, that when the damages demanded are small, but the principles on which they are denied depend upon rights to real estate, the cause shall immediately proceed to the Common Pleas, whence it may come by appeal to this Court. For although the damages may be small, yet the value of the right to be settled may be great. And a claim in one of a right of way over the land of another comes directly within this principle.
There are several exceptions taken to the plaintiff’s replication, which must be considered as made on a general demurrer.
It is objected that the defendant having prescribed for a highway in his bar, and the plaintiff having set up another prescription in his replication, he ought to have traversed the defend- * 130 ] ant’s prescription; and it is * contended that this exception may be taken on a general demurrer.
The oojection, if well founded, may without doubt be good on general demurrer; for it is a substantial fault. If the plaintiff does not, when replying another prescription, traverse the defendant’s, the pleadings can never be' brought to an issue. The defendant *97 cannot traverse the prescription set up by the plaintiff in his replication, because it would be a departure from his bar; and if he rejoined his own prescription, the plaintiff might surrejoin his prescription, and the pleadings might be endless.
But is this objection well founded ? The defendant in his bar pleads no prescription, but only alleges a highway for all persons. This allegation the plaintiff is not disposed to deny, but to qualify. He confesses the highway, but prescribes for a gate, to be opened and shut by all persons passing through. This prescription may be good in law, for it might have a lawful commencement (a). And a replication of this kind is in principle like the case of Kenchin vs. Knight (5). There the defendant in trespass quare clausum fregit justified by a custom to put in all cattle levant and couchant, and that he accordingly put in his swine. The plaintiff replies, and admits the custom to be true as far as it goes, but alleges that by the *98 custom the swine must be rung. On demurrer it was holden that the plaintiff need not traverse the custom pleaded by the defendant, because his replication is only a qualification of it.
If it be true, that the plaintiff might have traversed that the gate was wrongfully on the way, and that on this traverse an issue might have been joined, this objection is certainly formal; because the defendant might have regularly averred the wrongful erec[*131 ] tian of the gate, * and traversed the plaintiff’s prescription, on which a regular issue might have been joined on the merits.
This objection ought not to prevail. And on this point there is much doubt whether this traverse of the wrongful erection of the gate would have been good. For the defendant in his bar pleads it not directly, but as a mere inference, because it was on a highway.
Another objection is, that the plaintiff has not brought himself within his own prescription. By his prescription he cannot erect a gate at all seasons of the year at his pleasure, but only when it shall be found necessary to preserve the close and the grass and emblements ; and the words “ when it shall be found necessary ” must be understood as equivalent to the words “ when it shall be necessary.” But he alleges that in July, 1799, the plaintiff, finding it necessary, erected the gate. This is certainly an informality in his averment; but I think not matter of substance; for if the defendant had traversed that the plaintiff found it necessary, the issue would have been with him, unless in fact the gate had been necessary. For if it had not, the jury would not return that the plaintiff found it so.
Another objection is, that the plaintiff alleges that from that time the gate had been kept up and maintained to the time when, &c., in manner aforesaid, for the purpose aforesaid, without alleging that at the time when, &c., even he, the plaintiff, had found it necessary so to do.
There appears to be great weight in this objection. The plaintiff may be considered as averring that he kept up and maintained the gate, to be shut by all persons who opened and passed through it, for the purpose of preserving the close and the grass and emblements. All this may be true, and yet at the time when, &c. the gate might not be necessary for that purpose. And the replication is certainly defective for not averring that, at the time of the trespass, the gate was found necessary for the preservation of the [ * 132 ] close and of the grass and * emblements. And of this defect the defendant might have availed himself by demurring to the replication.
*99 But there are faults in pleading, bad on demurrer, which may be waived by the adverse party pleading over. The rule seems to be correctly stated in 1 Lev. 194. Cutler & al. vs. Southern & al. Where the plaintiff in his replication makes a title, and it thereby appears that he has a bad title, no rejoinder can by any implication make it good. But when it appears that he has a title, but it is defectively pleaded, the rejoinder admitting this matter, and tendering an issue on other matters, will make the replication good (a).
In the present case, the plaintiff avers that at the time when, &c. he kept up the gate for the preservation of the close and of the grass and emblements. The implication is strong, that the gate was then necessary for this purpose; and if the defendant had traversed the necessity of the gate at that time, a material issue might have been joined, and judgment might have been entered on the verdict for the party prevailing. But the defendant neither demurs, nor makes the traverse, but traverses several other distinct matters, so that his rejoinder is bad on special demurrer for duplicity. By not traversing the necessity of the gate, he has admitted it, when he traverses other matters, and does not demur.
This rule in pleading is very reasonable. The defendant might, by traversing the prescription, or the keeping up the gate pursuant to it, have had a trial upon the merits. The pleadings on his part are so conducted, as to avoid a trial on the merits. If he did not admit the necessity of the gate, he ought to have traversed it. If he intended to avail himself of the defective averment of the necessity, he ought to have demurred. He has taken neither of these methods, but has pleaded a bad rejoinder, in which he has not traversed the necessity of the gate, and has thereby admitted it.
*1 am glad that we are able to render judgment on [* 133] this record according to the apparent merits of the case, consistently with the rules of pleading, which are founded in good sense. All needless refinement ought to be rejected, and all finesse intended to ensnare should be avoided.
The plaintiff must have judgment.
Rejoinder adjudged had„

(a) Strout & al. vs. Berry, 7 Mass. 385.

 Queere whether, in this commonwealth, a prescription from time immemorial, according to the common law, can be pleaded ? It seems to be very clear that the prescriptive right to profits and easements to be taken in or enjoyed over the soil of another can only be established, according to the common law, by what is deemed legal proof of an adverse enjoyment of 640 years. By the ancient rule of the common law, enjoyment of such a right was to be proved from time whereof the memory of man runneth not to the contrary, or during legal memory. This did not mean as far back before the dispute arose as could be proved by living witnesses according to the usual duration of human life; but the limits of legal memory were formerly fluctuating They were long made to depend upon the period for bringing a writ of right, which, until the 32 Henry VIII., was not any certain period before the commencement of the suit, but dated from some historical event fixed from time to time ; as the beginning of the reign of Henry I.; the return of King John out of Ireland; the journey of King Henry III. into Normandy, or the coronation of Richard I. The last epoch being fixed by the statute of Westminster, II. Ch. 46, as the time after which seisin must be proved to maintain a writ of right, it was from thence adopted as the commencement of legal memory. When 32 Henry VIII. provided that there should be a progressive period of limitation for writs of right, legal memory was not thereupon considered as intending a period of sixty years next before the dispute arose; but the analogy to writs of right was dropped, and the reign of Richard I. was adhered to, and is con sidered the commencement of legal memory for all purposes at the present day. In ordinary cases, proof of enjoyment as far back as living witnesses can speak raises a presumption of an enjoyment from the remote era. In some cases, however, this proof is insufficient. A right claimed by prescription is always disproved by showing that it did not, or could not exist, at any one point of time since the commencement of legal memory; or, although it originated before the commencement of legal memory, that at some subsequent period the servient tenement, or that over which the right is exercised, and the dominant tenement, or that to which the right attached, once belonged to the same individual, whereby the prescriptive right was extinguished. It has been usual, of late, for the purpose of supporting a right which has been long enjoyed, but which can be shown to have originated within time of legal memory, or to have been at one time extinguished by unity of possession to resort to the clumsy fiction of a lost grant which is pleaded to have been made by some person seised in fee of the servient to another seised in fee of the dominant tenement. But the object of this plea is often frustrated by proof of the title of the two tenements having been such that the fictitious grant could not have been made in the manner alleged in the plea. First Rep. Commissioners on Real Property, p. 51. Vide note to Mitchell al vs. Starbuck al. 10 Mass. Rep. 11, 12. 3d Ed. Coolidge vs. Learned, 8 Pick. 504.

 1 Wils. 253.

 Jenkins vs. Stanley & al. 10 Mass. 226. Dunning vs. Qwen & Trustee 14 Mass. 157.