Per Curiam.
The defendants, in the trial of the original action, offered, in excuse of the trespass which had been proved, evi dence of the existence, and ol the occupation by themselves and others, of a private way in the locus in * quo, [ * 387 ] for twenty years before the commencement of the action.
It is true, that twenty years’ occupation of a way or other easemen *324 is a sufficient bar to an action of trespass. (a) But the twenty years are to be reckoned from the date of the supposed trespass, and not from the commencement of the action brought for it. So that, if the evidence had been admissible in the case, it would not have been a sufficient bar to the action.
But, whether the evidence offered would have been a good defence or not, we are all of opinion, that the defendants could not avail themselves of it, under the general issue, in this case. In Spear vs. Bickwell, we held an easement in the land of another to be within the provisions of the statute of 1783, c. 42, although in common parlance it be not called real estate. We still think the opinion there given to be the true construction of the statute; and it follows from it, that the defendants, in the case brought before us by this writ of error, had no right to give evidence of such an easement, unless specially pleaded. If it were otherwise, a defendant in trespass would always have it in his power, by pleading the general issue before a justice, to oust this Court of its appellate and final jurisdiction, in cases wherein it was clearly the intention of the legislature that such jurisdiction should remain to the Court.
Let the judgment be affirmed, with costs for the defendant in error.

 [It is presumptive evidence of a grant of the right of way, but the possession itself cannot be pleaded in bar. 2 Stark. Ev. 914, 2d Eng. ed. — Ed.]