Parker C. J.
delivered the opinion of the Court. The *154 case states that it was proved, that the defendant entered the plaintiff’s close and took the fish, as set forth in the declaratian, and that the defendant admitted that the plaintiff was the owner of the land under the water where the fish were taken. Thus the plaintiff’s title is made out,* [1] until the defendant should be allowed to give evidence of a custom for all the inhabitants of the vicinity to take fish in the pond within the plaintiff’s close, and that the pond was merely an enlargement of a natural stream of water, produced by a dam built by the plaintiff. It is not contended that the plaintiff had not a right to erect this dam, and so to stop the stream of water and flow his own lands by means of the pond so artificially made, and it surely cannot be supposed, that in consequence of this exercise of a lawful right, every one of the vicinity acquired a right to take fish in that pond. The law does not take notice of the right of fishery in small streams and rivulets, any further than to secure to owners of the banks of such streams the right of taking fish therefrom. If the stream is not navigable for boats or any water craft, the owner of the land can exclude every one from the right of fishing ; and therefore it is that the legislature, in establishing the right to occupy such streams for the use of mills, have made no provision in regard to fish, except where there is a communication with the sea or salt water, through which fish from that element have been wont to pass into the fresh water streams and ponds, to cast their spawn and multiply their species.
There is therefore no such general right as is suggested by some of the facts proposed to be proved.
And as to the custom, it might be sufficient to say. that if it were a legal custom, and could be proved to exist, it would not he a defence under the general issue, but ought to be specially pleaded, notwithstanding the action was commenced before a justice of the peace, for it affects the title to land as' much as an easement of a right of way, which in the case of Slrout v. Berry, 7 Mass. R. 385, was decided to be proper matter for a special plea, and not for the general issue.[1]
*155 But the custom proposed to be proved is not one that could be sustained in law, even if specially pleaded; for a custom to take any thing from another’s land, or for a profit á prendre, is not a lawful custom. If such a right is available at all, it must be set up by prescription as belonging to some estate, and should be pleaded with a que estate. So it was decided in Gateward’s case, 6 Co. 60 ; and Coke says, “note reader the law in this general case well resolved, and no book in the law is adjudged against it.” And in the case of Grimstead v. Marlowe, 4 T. R. 718, Lord Kenyon says, the law has been so settled ever since the time of Gateward’s case.[2]
The Court of Common Pleas rightly rejected the evidence offered by the defendant, and the judgment of that Court must be affirmed.

 See 2 Stark. Ev. (5th Amer. ed.) 912; Adams v. Pease, 2 Connect R 481, Ingraham v. Wilkinson, 4 Pick. 271; 3 Kent’s Comm (3d ed.) 415.

 A custom regulating the rights of the owners of all lands bordering on *155 the sea,is so general, that it need not be pleaded. Rex v. Yarborough, 2 Bligh, (New Ser.) 147; S. C. 1 Dow & Clark, 178; S. C. 5 Bingh. 163. See Ramson v. Morse, ante, 127; St. 1836, c. 273.

 See I Wms’s Saund. 341, n. (3).