## SMITH *vs.* HALL *&* *al.*

*M.* made a lease to *H.* of a mill and other premises, with certain special agreements
respecting repairs ; the rent for which, when ascertained, was agreed to be paid
to *S.* to whom the premises had been mortgaged by *M.*—On the same day *M.*
assigned the lease to one *T.* who afterwards drew an order on the lessee in favor
of *S.* for the payment of whatever sums might be found due for rent; which
was accepted. Afterwards *T.* and *H.* entered into an arbitration of the various
subjects of rent, expenses and repairs, pursuant to the statute; on which judg-
ment was rendered in favor of *T.* for the balance found due by the award.—In
a subsequent suit by *S.* against *H,* for the use and occupation of the premises,
*H.* tendered the amount of this judgment; but it was held that *S.* was not bound
by the account thus adjusted by the referees, it being *res inter alios acta.*

Where the plaintiff, in *assumpsit* for use and occupation, alleged himself to be sole
owner of the premises by assignment from *M.* and the defendant pleaded that *M.*
was the legal owner, with whom he had entered into a rule of submission of the
same subject-matter, pursuant to the statute on which judgment had been ren-
dered against the defendant, the amount of which, with costs, he now tendered
to the plaintiff as a subsequent assignee of *M's* claim for rent;—the plea was
held ill for want of a traverse of the plaintiff's title as set forth in the declara-
tion.

THIS case, which was argued by *E. Smith* for the plaintiff, and
*Greenleaf* and *Barnard* for the defendant, is stated in the opinion
of the Court, read at the ensuing *September* term, as drawn up by

MELLEN C. J. The amount alleged to be due from the de-
fendants to the plaintiff is for the use and occupation of the premi-
ses described in the declaration for the period therein specified, for
taxes assessed on the same, and for interest. All the sums claimed
are claimed as due in consequence of the alleged occupation before
mentioned. The declaration contains six counts. The first is on
account annexed for thirteen hundred and eighty dollars and fifty
cents. The second is for the use and occupation of the premises
from *April* 28, 1827, to *March* 6, 1829, for which he claims four-
teen hundred dollars. The third is a special count, stating that one
*Maguire, May* 15, 1827, by deed indented, undertook to lease to
the defendants, the premises described for one year from the time

the mills should be put in a situation to begin to saw, (which was on the 28th of said *May*,) at a stipulated rent, and on certain conditions specified; which rent, after the deduction of certain expenses for repairs, was to be paid to the plaintiff, on the written order of *Maguire* :—That on the same day *Maguire* assigned to one *Tufts*, all his interest, powers and privileges under the deed of lease derived. The count then goes on and states "the plaintiff then and there being the sole owner of the same leased estates, and said *Maguire* only tenant at will thereof;"—that the plaintiff refused to sanction said lease, unless the defendants would consider the same as made solely for the use and benefit of the plaintiff, and obligate themselves to perform all their stipulations in the lease, to the plaintiff, and for his sole benefit, which they assented to, in consideration of being permitted to hold and occupy the premises according to the terms of the lease, in the same manner as though the plaintiff were the lessor; and the averment is that they did so occupy for one year, and from the expiration of the year until *May* 6, 1829; during which time they sawed large quantities of timber, &c. and in various ways injured the mills.

The fourth count states the lease from *Maguire*, with the assignment to *Tufts*; and that on the 20th of *September*, 1827, he, with the consent and approbation of *Maguire*, drew his order in writing on the defendants, requesting them to pay the plaintiff all sums that might or had become due for rent of the premises in question, according to the tenor of the lease; that on the 26th of said *September*, the defendants accepted the order; and that the sum due for rent, and which they ought to have paid, was twelve hundred dollars.. The fifth count is, in substance, the same as the third. The sixth count is, in substance, the same as the fourth.

The defendants have pleaded the general issue; and also a special plea in bar of all damages beyond the sum of one hundred and thirty-four dollars and interest and costs, which sums they allege have been brought into court under the common rule. In this plea they aver that "they leased the premises of *Maguire* who was the legal owner of the same, for the term aforesaid, and during the whole time said estate was occupied by said defendants, and had

perfect right to lease the same as aforesaid; that *Maguire* and his assigns were the persons legally entitled to receive the rents and profits;" and that for the purpose of ascertaining their amount, *Tufts,* the assignee of *Maguire,* and they referred that question to certain persons whose report was accepted by the court to which it was returnable and judgment was entered thereon; the amount of which with interest, is the sum deposited in court as beforementioned. To this plea the plaintiff has given a special demurrer, assigning nine causes of demurrer; and the question is whether the plea, as pleaded, is a bar to further damages than the amount brought into court.

It is a principle of law that in an action for use and occupation, *nil habuit in tenementis* is a bad plea. The reason assigned is that as the defendant has occupied under the plaintiff's permission and enjoyed all the benefits of the lease, it is unjust that he should be allowed to contest the lessor's title. But in the case before us, though the plaintiff alleges, that the defendants occupied the premises under him and by his permission, yet this fact is explicitly denied by the plea; in that they allege that they occupied during the whole time of their occupancy, under lease from *Maguire*; and if the plea in bar is good and well pleaded, then the demurrer admits the facts stated in the plea. On this ground the legal principle abovementioned would not be applicable.

We are satisfied that the first cause of demurrer, which is, that the plea does not answer the count of *indebitatus assumpsit,* nor the charge for taxes, nor for the rent of the miller's houses, is not well assigned. The premises leased included the miller's houses, and the sum charged for taxes, was for one half of the taxes on the said mills; of course the plea in bar is pleaded as an answer to the whole declaration.

Our opinion is the same as to the second cause assigned; which is, that the sum tendered does not include the costs of reference. The sum reported as damage was one hundred and thirty-four dollars, and for costs of reference twenty-six dollars, being in the whole one hundred and sixty dollars.

Smith v. Hall & al.

The sums brought into court on the common rule are as follows. Sum reported as damage, one hundred and thirty-four dollars; interest thereon five dollars and sixty-three cents; costs of suit thirty-four dollars and ninety-five cents. The above sum of thirty-four dollars and ninety-five cents probably is composed of the above named sum of twenty-six dollars, cost of reference, and eight dollars and ninety-five cents, costs of Court.

The ninth cause of demurrer, which relates to the form of the submission, and to the allowance of the defendant's set-off, is not well assigned. It is predicated on certain assumed facts, which do not appear on the record. The submission is in the usual form and it does not appear that the referees exceeded their powers. Besides, the report has been accepted; and the judgment rendered thereon cannot in this mode be impeached.

Indeed, all the objections alleged against the plea in bar, are as good on a general as a special demurrer; not being for matters of form. The defendants have averred that they occupied merely as lessees of *Maguire*; and so were never answerable to the plaintiff as lessor of the premises, but only in virtue of their acceptance of the order drawn on them by *Tufts*, the assignee of *Maguire*, under whom they occupied, during the whole period of their occupancy. If the sum which the defendants were bound to pay in virtue of said acceptance was more than the sum of one hundred and thirty-four dollars, as reported by the referees, then their contract has not been performed; for they were bound as far as the terms of the order extended their liability. The allegation in the fourth count is that at the end of the year there was due for rent the sum of twelve hundred dollars. The defendants attempt to avoid this averment, as to the amount payable on the order in virtue of the acceptance, by pleading the decision of the referees and judgment on their report. The plaintiff contends that the referees could not bind him by their report, he being no party to that reference; that he never assented to the submission or agreed to be bound by the decision, the transaction being *inter alios acta*. What proof is there, but the report of the referees, that more was not due on the order than one hundred and thirty-four dollars. None. Does the

plea then shew payment of that order, or what is equivalent in this action ? This part of the cause seems to present a difficulty which the defendants cannot easily remove. It cannot be contended with any hope of success by any one, that the decision of the referees is evidence for the defendants, or in any manner binding on the plaintiff. The parties are different. The law on this point is perfectly at rest. We are now confining our remarks to the defendants' liability on the acceptance merely; for, if the plea is well pleaded, as we have before intimated, we think it discloses facts sufficient to exonerate them from all asserted claims resting on any other grounds. Our opinion then is, that for the reasons above assigned, the plea is insufficient, as not presenting on the record those facts, which, in an action founded on the order and acceptance, would form a valid defence in a trial before the jury. Being presented on the record, as we see them, we are bound to pronounce them furnishing no legal defence. But there is also another objection to the plea. The plaintiff in his declaration alleges that at the time the lease was made by *Maguire*, he himself was the sole owner of the property leased, and that *Maguire* was only a tenant at will. But the plea alleges in direct and positive terms that at that time *Maguire* was the legal owner, and so continued during the occupancy of the defendants. It is true the defendants have protested, in their plea, against the abovementioned allegations in the writ; but that circumstance has no operation in this case, though perhaps it may have in some other action. A protestation is not a denial of the facts alleged. It is a general rule that whenever any material fact is alleged in any pleading, which, if denied, will, upon issue joined, decide the cause one way or the other, if the adverse party plead a fact inconsistent with and contrary to such allegation, he must traverse it. *Digby v. Fitzherbert, Hob.* 103; 1 *Saund.* 22, *note* 2, and cases there cited; *Ib.* 209, *note* 8; *Yelv.* 140. "When the plea varies from the declaration in the nature or quantity of estate alleged, there must be a traverse. These authorities clearly show that the plea is bad for want of a traverse : and this objection is good on general demurrer. *Spear v. Bicknell,* 5 *Mass.* 125.                        *Plea in bar adjudged insufficient.*