## Isaac Ruggles *versus* Samuel Lesure.

In trespass *quare clausum* brought before a justice of the peace, the defendant cannot give in evidence, under the general issue, a license to enter on the *locus in quo.*

The plaintiff, being the owner of land adjoining a highway, entered into a parol agreement with the defendant, that he would throw a part of his land into the highway, in consideration that the defendant would set back the plaintiff's wall and prepare the road, as thus widened, for use, and the plaintiff did accordingly throw a portion of his land into the highway, and the defendant set back the plaintiff's wall, and while he was engaged in preparing the road, by the removal of earth from such portion of the plaintiff's land, the plaintiff forbid his removing any more earth therefrom. *Held,* that the agreement was a mere license, and that it was revoked by the plaintiff's prohibition.

TRESPASS *quare clausum,* for taking and carrying away twenty loads of earth from the plaintiff's land.

The action was originally brought before a justice of the peace. The defendant pleaded the general issue before the magistrate, and the case was brought into the Court of Common Pleas by appeal.

At the trial in the Common Pleas, before *Williams* J., it appeared, that the plaintiff was the owner in fee of the *locus in quo,* and that the defendant took and carried away the quantity of earth alleged, having entered upon the land for that purpose.

The defendant offered to prove that the *locus in quo* adjoined a highway in Westborough, which road was narrow and inconvenient, and that the parties to this action, as well as other citizens, were desirous of widening and improving the road ; and that the parties to this action entered into a parol agreement, whereby, in consideration that the defendant would remove the wall on the line of the plaintiff's land to a certain other line upon his land, to the extent to which it was proposed to open and enlarge the highway, and would prepare the whole road so laid out, consisting of the highway and this portion of the plaintiff's land, in a fit and proper state for use and travel, the plaintiff would throw into the highway a certain portion of his land specially designated and described ; that the defendant accepted the proposition and agreed to remove the wall and rebuild it on the last mentioned line, and prepare the road ; that the plaintiff did throw into the highway the designated portion of his land, and pointed out the line to which the wall was

to be removed ; that thereupon the defendant, with the knowl-edge and consent of the plaintiff, and in pursuance of the agreement, removed the wall and rebuilt it, and expended his money and labor in so doing ; that he also with the like knowledge and consent of the plaintiff, began to prepare the road on the land thrown into the highway by the plaintiff, and in so doing he caused portions of the earth in such land to be removed and carried away ; and that the removal of such earth, as also of that quantity for the removal of which this action was brought, was necessary and proper to make and prepare the road in the manner stipulated for in the agreement, and that the plaintiff, at the time of making the agreement, knew that for the preparing of the road such earth was to be removed in the manner in which it was done by the defendant, and assented thereto ; that after the defendant had removed and rebuilt the wall, and while he was engaged in making the road, in pursuance of the contract, by the removal of such earth, the plaintiff came and forbid his removing any more earth from the land ; but that the plaintiff did not, at that or at any other time, in any other manner than by forbidding him to remove any more of such earth, signify to him that the contract was to be annulled, or that he meant to withdraw any license or authority or right which had been, by means of the agreement, given to the defendant, to make and complete the road ; but that the defendant, notwithstanding the prohibition of the plaintiff, proceeded to finish the road, in the manner provided for by the agreement, and to that end removed the quantity of earth alleged in the plaintiff's declaration ; which was the act complained of as a trespass.

The judge ruled that the matters offered by the defendant did not constitute a defence, and the evidence was rejected.

The jury returned a verdict for the plaintiff for two dollars damages.

The defendant excepted to the ruling of the judge.

*Merrick* and *Harrington*, for the defendant, said that the statute of frauds did not apply to this agreement ; that it was merely a license to remove the wall and rebuild it, and to take earth to make the road ; that it was not revocable after it had been substantially executed ; for as the defendant had expend-

ed his money and labor in performing it, the plaintiff could not restore him to his original condition. *Storms* v. *Snyder*, 10 Johns. R. 109 ; *Dennett* v. *Grover*, Willes, 197 ; 3 Stark. Evid. 1476, note *g ; Cook* v. *Stearns*, 11 Mass. R. 533 ; *Pond* v. *Pond*, 14 Mass. R. 403 ; *Gilmore* v. *Wilbur*, 12 Pick. 120 ; *Francis* v. *Boston and Roxbury Mill Corp.* 4 Pick. 368 ; *Ricker* v. *Kelly*, 1 Greenleaf, 117 ; *Crosby* v. *Wadsworth*, 6 East, 602 ; *Davenport* v. *Mason*, 15 Mass. R. 85 ; *Kidder* v. *Hunt*, 1 Pick. 328.

C. *Allen* and *Peters*, for the plaintiff.

Morton J. delivered the opinion of the Court. The Court of Common Pleas did right in rejecting the evidence offered. Had it been in itself competent evidence, the state of the pleadings would have excluded it. In trespass a license or easement must be pleaded, and cannot be given in evidence under the general issue. 1 Chitty on Pl. (5th ed.) 528, 544 ; *Spear* v. *Bicknell*, 5 Mass. R. 125 ; *Strout* v. *Berry*, 7 Mass. R. 385 ; *Waters* v. *Lilley*, 4 Pick. 148.

But the agreement between the parties, if pleaded in any form, would have availed the defendant nothing. It was not a valid subsisting contract for any purpose. Individuals have no right to lay out, widen or straighten public streets or highways. Private interests would clash with public convenience. Competent tribunals have been established for the purpose of judging of the utility and necessity of such improvements ; and they alone have the power to make them. But if, as in England, private citizens might dedicate their land to public uses for roads, streets and other similar purposes, yet here was nothing which amounted to a dedication.* Whatever might have been the intention of the plaintiff in throwing out his land, and whatever effect time might have had upon it, most certainly when the trespass was committed, it had not ripened into a dedication. The public had done nothing by user or otherwise, indicating their acceptance of the proffered dedication. And assuredly the public cannot acquire a right or a dedication be perfected, without some public use.

If the agreement imported a grant or conveyance to the de-

*Ruggles*
*v.*
*Lesure.*

*April term*
*1837.*

---

* See *Hobbs* v. *Lowell*, 19 Pick. 405.

fendant, of a right of way or passage or any other easement on the land thrown into the highway, it was an interest in real estate, which could not be conveyed by parol. *St.* 1783, *c.* 37.

The agreement, however, in our opinion, amounted to a license and nothing more. As such it was valid, but beyond this it could not operate. It gave the defendant authority to enter and perform certain acts upon the plaintiff's land, and was a full justification of all that was done under it. But licenses are personal and terminate with the death of either party. They are also revocable by the owner of the freehold at all times before they are fully executed. 1 Chitty's Gen. Pract. 339 ; 5 Dane's Abr. 577 ; Viner's Abr. *License ; Crosby* v. *Wadsworth*, 6 East, 602 ; *Tillotson* v. *Preston*, 7 Johns. R. 285 ; *Ferguson* v. *Miller*, 1 Cowen, 243 ; *Ex parte Coburn*, ibid. 568 ; *Cook* v. *Stearns*, 11 Mass. R. 533 ; *Johnson* v. *Carter*, 16 Mass. R. 443. And when, during the execution of the authority and before its completion, *" the plaintiff came and forbid the defendant from removing any more earth,"* it was clearly a revocation of the authority or license to enter upon his land for that purpose ; and the subsequent acts of the defendant in removing earth from it was a trespass.

*Judgment of Court of Common Pleas affirmed*