## THACHER MAGOUN *versus* SAMUEL LAPHAM.

Where an action of trespass *quare clausum*, commenced before a justice of the peace, is removed into the Common Pleas upon a plea of title to the land, that court cannot authorize a new assignment or any alteration of the pleadings which shall change the nature of the issue presented by the plea.

In such an action the filing of a plea of title to the land does not, in all respects, divest the justice of his jurisdiction over the case; he still retains the power to act on a motion to waive or amend the plea, or to amend the declaration or to new assign; and if the pleadings, as definitively fixed by the parties, do not present a question of title to real estate, he should proceed to try the cause.

Where such an action was removed into the Common Pleas upon a plea of title to the land, and in that court the plaintiff new assigned, and thereupon the defendant pleaded a title to the land new assigned, and also the general issue, and the cause was tried and a verdict found for the plaintiff upon these issues, this Court set aside the new assignment and the subsequent proceedings, and ordered a repleader.

THIS was an action of trespass, commenced before a justice of the peace in January 1835, for breaking and entering the plaintiff's " close, situated in Medford." The defendant pleaded that the close in which the trespass was supposed to have been committed, was the soil and freehold of himself and others, the heirs of George B. Lapham. Thereupon the action was removed to the Common Pleas, pursuant to *St.* 1783, *c.* 42, § 2. In that court the plaintiff new assigned, describing the *locus in quo* with particularity, and averring it to be different from the close alleged in the plea to be the soil and freehold of the defendant and others. To the new assignment the defendant pleaded, that the close therein described was the soil and freehold of G. B. Lapham, at the time of his decease, and descended to the defendant and others ; to which the plaintiff replied, denying that such close was the soil and freehold of G. B. Lapham, at the time of his decease. The defendant also pleaded the general issue, which was joined. The cause was tried in the Common Pleas, and the jury found the defendant guilty of the trespass newly assigned ; and further, that the close described in the new assignment was not the soil and freehold of G. B. Lapham, at the time of his decease. Judgment was rendered upon the verdict, and the defendant thereupon appealed ; and the action having been en-

tered in this Court, the defendant moved that it might be dis missed, because the new assignment had been improperly allowed in the Common Pleas.

*A. W. Austin* supported the motion.

*A. Bartlett* and *Farley*, for the plaintiff.

*Oct.* 20th.    MORTON J. delivered the opinion of the Court. A justice of the peace has no power to try the title to real estate. No real action therefore can be brought before a justice. But as trespass *quare clausum fregit* does not necessarily bring in question the title, it may be commenced before a justice when the damages claimed do not exceed his jurisdiction. But if the defendant plead soil and freehold in himself or another, this involves the title to real estate, and ousts the justice of his jurisdiction. His only remaining power over the action is to require and take a recognizance of the defendant to enter the action in the Court of Common Pleas. The action, when entered in that court, is to be treated in many respects like an original action. And an appeal lies from that Court to this, as if the action had in the first place been brought to that court. *St.* 1783, *c.* 42 ; *Spear* v. *Bicknell,* 5 Mass. R. 125 ; *Strout* v. *Berry,* 7 Mass. R. 385 ; *Blood* v. *Kemp,* 4 Pick. 172 ; *Kelley* v. *Taylor,* 17 Pick. 218. [See Revised Stat. *c.* 85, § 3, 4, 5, 6, 11.]

It is not strictly correct to say that the justice's jurisdiction is nullified as soon as a plea of soil and freehold is filed. He still retains the power to act on a motion to waive the plea or amend it, or to amend the declaration or to new assign. And if to the new assignment, which is in substance only an amend- ment of the declaration, the defendant pleads the general issue, he cannot, within the meaning of the statute, be said to " plead the title of himself or any other person in justification," and the justice should proceed to try the case. But if the plead- ings, as definitely fixed by the parties, result in a claim of title by the defendant, the justice can only require and take a recog- nizance, or in failure of the defendant to recognize, render judgment against him according to the statute.

It results from a comparison of the several statute provisions on this subject, that the Court of Common Pleas cannot allow

Magoun
v.
Lapham

any amendment or alteration of the pleadings which shall change the nature of the issue. The trial must proceed on the plea of soil and freehold, which removed the case from the forum to which it was brought. *Copeland* v. *Bean*, 9 Greenleaf, 19. Should they allow the plea of soil and freehold to be withdrawn and the general issue pleaded, that would remove the only foundation of their own jurisdiction. Nor can they accomplish the same object by receiving a new assignment. For if the plaintiff new assigns, it follows of course and of right that the defendant may plead anew. If the plaintiff declares in such form, that the plea of soil and freehold renders a new assignment necessary, the only place where he can avail himself of it is in the justice's court, before a recognizance is entered into. And as we have before remarked, we can see no objection to an amendment of the declaration, or a new assignment, at any time, before the cause is removed to the Common Pleas, in the manner prescribed by statute.

The effect of allowing the plaintiff to new assign in the Common Pleas, would be to confer on that court original, and on this Court appellate, jurisdiction of personal actions when the damages demanded did not exceed twenty dollars. Parties must not be allowed by an artifice of this kind to change the jurisdiction of the courts, and to try before the two highest tribunals in the State, an action which involves no title to real estate and in which the plaintiff will not take the responsibility of declaring for more than twenty dollars damage.

The pleadings are so irregular, that any judgment upon them would be erroneous. When the pleadings are so defective that no valid judgment can be rendered upon them, the Court, in order that the parties may be restored to their legal rights, and justice be done them, will award a repleader. 1 Chit. Pl. 633 ; Com. Dig. *Pleader, R* 18 ; Bac. Abr. *Pleas &c. M* ; *Staples* v. *Heydon*, 2 Ld. Raym. 922 ; 2 Wms's Saund. 20 ; ibid. 319, note 6 ; *Gerrish* v. *Train*, 3 Pick. 124. All the pleadings in the Common Pleas must be set aside, and the parties must proceed to trial on the pleas as they were transmitted by the justice, with such replications and such amendments, if any be required, as may be necessary to complete the issue

Magoun
*v.*
Lapham.

upon the claim of title which removed the case from the justice to the Common Pleas.

As there appear to have been mistakes and errors on both sides, no terms will be imposed on either.*

---

* The case of *Wesson* v. *Joslin* was decided on the same principles at October term 1836, in this county. It was an action of trespass *quare clausum*, commenced before a justice of the peace in 1834. The declaration alleged the close to contain thirteen acres, and described it generally. The defendant filed a plea describing a close of fifty-five acres as the *locus in quo*, and alleging it to be the soil and freehold of his wife. Thereupon the action was removed to the Common Pleas, pursuant to *St.* 1783, *c.* 42. In that court the plaintiff new assigned the *locus in quo*, alleging it to contain eleven and a half acres, describing it particularly, and averring it to be different from the close mentioned in the plea. The defendant pleaded not guilty, to the new assignment; and the plaintiff demurred in common form, for the purpose of bringing the action into this Court  The action was entered in this Court, and thereupon the plaintiff moved for leave to waive the new assignment and all the subsequent pleadings, and plead anew to the plea of soil and freehold filed before the justice ; which motion was granted,

*B. Russell,* for the plaintiff.

*Farley,* for the defendant.