WOOD
v.
MANSELL.

WOOD *v.* MANSELL and Others.

The recorded plat of a town, showing the width of a certain street, was introduced as evidence to prove the width of that street. *Held*, that parol evidence to show that the proprietor of the town intended the street to be of a different width than was shown by the plat, was inadmissible.

In trespass *quare clausum fregit*, the defendant cannot, under the plea of not guilty, prove that the *locus in quo* was a highway; this defence requiring a special plea.

A bargainee, except in the case of an adverse possession, may recover in trespass *quare clausum fregit*, by proving property in the *locus in quo*, without showing a previous possession.

ERROR to the *Vanderburgh* Circuit Court.

BLACKFORD, J.—*John B. Mansell, Mary Ann Mansell,* and *Caroline Mansell,* infants, by their next friend, brought an action of trespass against *Luke Wood.* The declaration contains three counts. The first is for entering the plaintiffs' close,—being a strip of land lying below Main street, in the town of *Evansville,* and between Water street and the *Ohio* river, and fronting the town,—and for placing on the premises large quantities of cord-wood. The second count is for entering the close, and expelling the plaintiffs from the same. The third count is for entering the said close, and cutting down and carrying away the trees.

At the *March* term, 1829, the defendant pleaded the general issue, and obtained time to plead further until the 20th of *June* following. On the 20th of *June,* 1829, the defendant pleaded a second plea in bar to all the counts, as follows:—that before the plaintiffs' title accrued, *Hugh M'Gary,* under whom the plaintiffs claim, was seized in fee of the premises, and laid out the town of *Evansville;* that according to the recorded plat, the strip of land described in the declaration, is part of the town; that the town is incorporated; and that the trustees gave the defendant license to occupy the close for a wood-yard. At the *September* term, 1829, the plaintiffs replied, denying the facts contained in the second plea; and the defendant joined issue. At the same term, the defendant filed three other pleas. The third plea is in answer only to the third count. It states that there was a public highway through the close; and because the

*Thursday,
November 29.*

Nov. Term,
1832.

Wood
v.
Mansell.

trees mentioned in the declaration, obstructed the highway, the defendant cut them down and removed them. The fourth plea, which is only to the first count, says—that in 1817, *Hugh M'Gary*, one of the proprietors of *Evansville*, caused a plat of the town to be recorded; that the *locus in quo* is marked on the plat as Water street, about 100 feet wide, and is thereby granted to the use of the public and the citizens of the town as a public street, for a wood-yard, and for other commercial purposes; that by virtue of this grant, and by the license of the citizens of *Evansville* and of the president and trustees, the defendant deposited steam-boat wood on the premises, at the place intended by the donor, and designated by the president and trustees for a wood-yard. The fifth plea, which is to all the counts, states the *locus in quo* to have been the property of *Hugh M'Gary;* that he, in 1817, by a plat of the town of *Evansville,* granted the close as public property for the benefit of the town, to be used as a street by the citizens and others trading on the river, and as a public mart on the river; that by virtue of this grant, the defendant entered and deposited steam-boat wood on the close, at the place intended by the donor and designated by the president and trustees for that purpose. At the *March* term, 1830, the plaintiffs, to the third plea, filed a new assignment; and to the fourth and fifth pleas they filed replications, denying the material facts in those pleas. The defendant joined issue on the replications to the fourth and fifth pleas. At the *September* term, 1830, the defendant moved for leave to amend his second and fourth pleas, merely because the plaintiffs, by the defendant's consent, had retained the plea from *September* term, 1829, until the next *March* term. This motion was overruled.

The cause was tried at the *September* term, 1830. The following was the plaintiffs' evidence:—*Hugh M'Gary* was the original owner of the *locus in quo*, before any of the acts in the declaration or plea set forth. In *November*, 1824, the land was sold by the sheriff on a judgment and execution against *M'Gary*, to *Samuel Mansell*, who afterwards conveyed it to the plaintiffs. The defendant had trespassed upon every part of the premises. The plaintiffs' father had told the defendant that he must not cut any more timber on the land; but the defendant answered that he would, and the trustees of the town would bear him harmless. The defendant had confessed that he had cut wood at a place

which was proved to be on the premises. The width of the ground between the lots below Main street and the river at a medium stage, after allowing 100 feet for Water street, varied from 189 to 132 feet. The defendant, to support his special pleas of justification, introduced the plat of the town of *Evansville.* Water street is there laid down and stated to be 100 feet wide. It is bounded on the plat by a line running between the front lots and the river, and parallel with those lots. Below the plat, the proprietors, in repeating the width of the streets, state Water street to be about 100 feet wide. The width of the ground from the front lots below Main street to the bluff bank of the river, varies from 73 to about 125 feet. But to measure below the bank to the medium stage of water, the distance is as proved by the plaintiffs.

After these facts were proved, the defendant introduced as a witness the person who had drawn the plat, and was one of the proprietors of the town; but who was not interested in the *locus in quo.* It was proposed to prove by this witness,—1st, that the line drawn parallel to the front lots, was drawn by him without any directions from the other proprietors, and without being intended by him to be the bound of Water street; 2dly, that *M'Gary,* when the town was laid out, and up to the execution sale, uniformly said that Water street included all the ground in front of the town to the river; 3dly, that the *locus in quo,* since the laying out of the town in 1817, has been enjoyed by the citizens of the town and by the public, as a street and public highway; and that *M'Gary* never had, from that time, claimed any right to the close, or exercised any acts of ownership over it; 4thly, that the close had been enjoyed by the public as a street and highway, for upwards of 20 years before the commencement of the suit; 5thly, that the witness, under the direction of *M'Gary,* drew the plat in 1817, and that they both intended that Water street, as drawn on the plat, should extend from the front lots below Main street the whole distance to the river, and that the witness considered that the map does so express it. The plaintiffs objected to all this evidence so offered; and the objection was sustained by the Court. The defendant further offered to prove, that the corporation of *Evansville* had given him license, and had required him, to enter the close in order to cut out the timber. This evidence was also objected to, and the objection sustained.

Nov. Term, 1832.

WOOD
v.
MANSELL.

Nov. Term,
1832.

Wood
v.
Mansell.

After the examination of the testimony, which has been stated, the defendant moved the Court to instruct the jury, that unless the plaintiffs had proved an entry before the commencement of the suit, by or on behalf of the purchaser at sheriff's sale, or of the plaintiffs under the title of such purchaser,—they must find for the defendant. This instruction the Court refused, but said that it was sufficient if constructive possession was proved. The defendant also moved the Court to instruct the jury—that if they believed, from the evidence, that *M'Gary* intended to donate the *locus in quo* to the public, they must find for the defendant. This instruction was given. But the Court also said, on motion of the plaintiffs, that the intention of *M'Gary* could not be presumed or collected from any other testimony than the record of the original plat made in 1817. After the jury had heard the evidence, as has been set out, they rendered a verdict of guilty against the defendant, and assessed the damages at one dollar. The defendant moved for a new trial, which was overruled, and a judgment was rendered agreeably to the verdict.

This is an action of trespass *quare clausum fregit*. There are five pleas:—one, the general issue; the others in justification. To the third plea, there was a new assignment, which was not answered by the defendant. To the other special pleas, there are replications and issues. The case stands, therefore, on the general issue, and upon the issues on the replications to the second, fourth, and fifth pleas.

The first objection in the record to the proceedings is, that the defendant was not permitted to amend his second and fourth pleas. This favour was not asked until a year had elapsed from the filing of one of the pleas, and a year and a half from the filing of the other. The ground of the motion was insufficient. The counsel should have kept office copies of his pleas. Besides, his consent to the improper taking away of the pleas after they were filed, divests him of the right to complain of any inconvenience from that cause.

The second objection is, the rejection of the defendant's parol evidence, that the proprietor of the town intended, by the plat, that Water street should, below Main street, extend to the river. The plat had been previously given in evidence by the defendant, and is a part of the record in this cause. There is a distinct line drawn on the plat, bounding Water

street, and leaving a considerable space between that street and the river below Main street. Within the space for the street between that line and the lots, which space is much wider than that of the other streets, the widest of which is marked 76 feet, there are written the following words—"Water street 100 feet wide." There is a note at the bottom of the plat, stating Water street to be about 100 feet wide. The parol evidence offered was to show, that the line laid down on the plat limiting the width of Water street, was not intended to be the boundary of the street; but that the street was intended to extend in width from 132 to 189 feet further. It appears to us that this parol testimony would be in contradiction of the plat, and was consequently inadmissible. The title of the purchaser of the land outside of the line, under a judgment against the proprietor, purchasing with the plat of the town as his only guide, must be protected from any parol evidence tending to show, in contradiction of the plat, that the line laid down there as the boundary of the street, was not its boundary.

The third objection is, that the defendant was not permitted to prove the use of the *locus in quo* by the public as a highway for 20 years. This evidence was inadmissible under the general issue. 2 Saund. 402, note (1).—*Babcock* v. *Lamb*, 1 Cowen, 238. The second, fourth, and fifth pleas, the only ones to which there were issues, only claim the right of way by virtue of the plat of the town of *Evansville*. The defendant's evidence, therefore, to a right of way was restricted by his pleas to the right given by that plat. The evidence offered of an enjoyment for 20 years, if intended to establish a right of way, independently of the plat, was inadmissible as being foreign to the issues. If the object was to show the right to have been granted by the plat, over ground which the face of the plat itself shows was not so granted, it was in contradiction of written evidence, and could not be received.

The fourth objection is on account of the rejection of evidence, tending to show a license to the defendant from the corporation of *Evansville*, to enter the close and cut down the timber. The propriety of this evidence depends on the authority of the corporation to give the license. The corporation pretended to no interest in the close, except what it derived from the recorded plat of the town. That plat, as we have already had occasion to show, gave no property or right

17

to the town in the land lying between the *Ohio* river and the line bounding the width of Water street; and that land is the *locus in quo*. The consequence is, that the license, if there was one, was made without authority, and the proof of it could not have benefited the defendant. ·

The fifth objection arises from the refusal of the Court to instruct the jury—that proof of an entry on the premises before the suit, by the purchaser at the sheriff's sale or by the plaintiffs, was essential to a recovery. The *English* law, we believe, does require an entry by a bargainee before he can maintain an action of trespass. . In the *United States*, however, this law has been considerably modified. See *Green* v. *Liter*, 8 Cranch, 229.—*Green* v. *Watkins*, 7 Wheat. 27.—*Jackson* v. *Sellick*, 8 Johns. Rep. 262, 270.—*Van Brunt* v. *Schenck*, 11 Johns. Rep. 377, 385.—*Bush* v. *Bradley*, 4 Day's R. 298. ·It is our opinion, that unless there appear to have been an adverse possession of the *locus in quo*, the bargainee may recover in trespass by proving property, without showing also a previous possession. The instruction asked for. was, therefore, correctly refused.

The sixth objection is on account of an instruction given to the jury—that the intention of the proprietor of *Evansville*, relative to the grant of the *locus in quo*, could not be collected from any other evidence in the cause than the original plat of 1817. The question raised by this objection, has already been examined. The instruction given was correct.

The last objection relied on by the defendant below, is, that the Court improperly overruled his motion for a new trial. This objection appears to us as unfounded as the others. The evidence presented by the record, shows the verdict to be correct. The plaintiffs proved their case under the general issue; and the defendant failed to maintain his pleas in justification.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Fletcher* and *C. I. Battell*, for the plaintiff.

*S. Hall* and *E. Embree*, for the defendants.

(1) "It seems to be an established rule of pleading, that wherever the defendant in trespass *clausum fregit* justifies the trespass by reason of some title, or easement, which gives him a legal right to do the act which is the subject of the .action, he must set forth his title, or right to enjoy the easement specially, so that the plaintiff may have an opportunity of traversing it; and so it is in replevin. But in trespass for *taking cattle or goods*, it is enough for the defendant to state his *possession* only." Note to *Pearle* v. *Bridges*, 2 Saund., cited in the text.