May Term, 1853.

CARLISLE v. GASKILL.

Monday, June 6.

---

CARLISLE and Another *v.* GASKILL and Others.

A conveyance of land to a husband in satisfaction of a demand for damages against the grantor for the seduction of his wife, is valid as against the creditors of the grantor, where there appears to have been no fraud on the part of the husband.

May Term,
1853.

CARLISLE
v.
GASKILL.

Monday,
June 6.

ERROR to the *Morgan* Circuit Court.

PERKINS, J.—Bill to set aside a conveyance of real estate.

The bill was dismissed below, at the final hearing, on the merits.

It charges that *George Gaskill*, one of the defendants in the bill, was indebted, in 1838, to *Carlisle* and *White*, the plaintiffs, in the sum of about 800 dollars, and that judgment was obtained for said amount in 1849; that during the pendency of the suit in which said judgment was obtained, said *Gaskill*, to defraud his creditors, and through duress, and without consideration, conveyed all his property subject to execution, to *Harmon Updegraff*, who is also a defendant to the bill. The bill seeks to set aside said conveyance.

*Updegraff* answers, and admits that *Gaskill* conveyed to him the property described in the bill, worth some 500 dollars, but says he received the conveyance of it in good faith, without any knowledge of the claim of the plaintiffs, and for the following consideration, viz.: *Gaskill* had seduced and had criminal connection with the wife of him, said *Updegraff*, for which he, *Updegraff*, had a claim for damages that he was determined to have satisfied; and in compromise and satisfaction of said claim, he asserts, said conveyance was made, a release of the claim being executed on receiving the conveyance.

The evidence in the case, we think, abundantly sustains the answer; and such being the case, the bill was rightly dismissed.

The consideration upon which the conveyance was made was a valid one, and there being no fraud, at least on the part of the grantee, it will stand even against creditors. See *Doe* v. *Horn*, 1 Ind. R. 363.

*Per Curiam.*—The decree is affirmed with costs.

*W. J. Peaslee* and *L. Barbour*, for the plaintiffs.

*C. Wright*, for the defendants.