BARBER *v.* BARBER.

COSTS—PRACTICE—PRESUMPTION.—In an action to recover damages
for a nuisance in erecting a mill dam, and to abate the same, where
the plaintiff alleged in his complaint that he was the owner in fee
and in possession of the land, proof of possession alone would en-
title him to recover damages, and, where, in such action, he recov-
ered judgment for 1 dollar damages and the like amount of costs,
and failed to obtain an order for the abatement of the nuisance, or
show himself entitled thereto, this Court will presume in favor of
the correctness of the judgment below, and that the title to the
premises did not come in question.

APPEAL from the *Franklin* Circuit Court.

WORDEN, J.—This was an action by *Daniel Barber*, the ap-
pellant, against *John Barber*, to recover damages for, and to
abate, a nuisance.

The complaint alleges that the plaintiff was the owner in
fee, and possessed of certain land, describing it, and that the
defendant raised a certain mill dam and thereby caused the
water to flow back upon the premises of the plaintiff.   Prayer
for damages; that the defendant be required to remove the
dam; and for other proper relief.

The defendant answered by general denial; setting up
also other matters not necessary to be here noticed.   Trial
by jury; verdict for the plaintiff for one dollar in damages,
on which verdict the Court rendered judgment for the plain-
tiff for the damages thus assessed, and for one dollar of his
costs.   The plaintiff claimed full costs; and whether he was
entitled to them is the only question presented by the record.

The statute provides that "in all actions for damages solely,
not arising out of contract, if the plaintiff do not recover 5
dollars damages, he shall recover no more costs than damages,
except in actions for injuries to character and false imprison-

ment, and where the title to real estate comes in question."
2 G. & H. 227.

But the plaintiff insists that the case does not come within
the provision above quoted, for two reasons: 1. That it is
not an action for damages solely, but also for an abatement
of the nuisance; and—2. That the title to real estate came
in question; wherefore he was entitled to full costs.

In reference to the first point, we may observe that the
plaintiff did not ask for any judgment of abatement, further
than the prayer of his complaint; nor is the evidence before
us whereby we could determine whether he made out such a
case as entitled him to have the dam abated. We think, the
plaintiff not having procured an order for an abatement, and
not having, so far as we are informed by the record, shown
himself entitled to it, the case should be treated as one "for
damages solely."

If the action was brought for something more than dam-
ages, it failed for anything beyond; and in respect to matter
for which the action failed, there can be no reasonable pre-
tence that the plaintiff should recover costs.

This brings us to the remaining question. Did the title to
real estate come in question? As before observed, the evi-
dence is not before us, and we must presume in favor of the
ruling of the Court below, that the title did not come in ques-
tion, if, under the pleadings, the plaintiff could have recov-
ered without proving his title. In the complaint it is not
only alleged that the plaintiff was the owner of the land in
fee, but also that he was possessed thereof. Proof of posses-
sion was sufficient to maintain the action. See note (2) to
the case of *Conner* v. *New Albany*, 1 Blackf. pp. 89, 90, 2 ed.,
where it is said that "actual possession is sufficient on which
to ground an action as against a wrong-doer; for he who
commits a trespass upon the possession of another, being

Barber *v.* Barber.

himself a wrong-doer, has no right to put the other party upon the proof of title."

Where the plaintiff is not in actual possession, he would undoubtedly be required to prove title, which would draw after it such a constructive possession as would enable him to maintain an action. *Raub* v. *Heath*, 8 Blackf. 575. If in this case the plaintiff had alleged his title only, without alleging possession, it is difficult to see how he could have recovered without proving that title, in view of the rule that the allegations and the proofs must correspond. But having alleged a possession as well as title, proof of possession alone authorized a recovery, without proof of title; hence we can by no means say that the title to real estate came in question. *Bennett* v. *Coffin*, 4 Ind. 219, is in point. There the plaintiff, having recovered less than 5 dollars in an action to recover damages caused by a mill dam, recovered full costs. This Court, in the absence of the evidence, presumed, in favor of the ruling, that the title did come in question. See also *Dodd* v. *Sheeks*, 5 Blackf. 592. The cases of *Rogers* v. *Perdue*, 7 Blackf. 302; and *Harvey* v. *Dakin*, 12 Ind. 481, may also be cited as in point, that it will be presumed in favor of the ruling of the Court below, where the record admits of such presumption, that the title to real estate did not come in question.

In the case of *Cromwell* v. *Lowe*, 14 Ind. 236, the plaintiff offered his title deeds, and the Court instructed the jury that he must show, by a preponderance of evidence that he was the owner of the land, &c.; hence it was held that the title was in issue. The case of *Dixon* v. *Hill*, 8 Ind. 147, which is relied upon by counsel for the appellant, is not in point, for there the plaintiff never had possession of the land; on the contrary it was averred that at the time the land was entered and ever since, the defendant was in possession. It was very properly held that the title was put in issue by the answer in

denial. The plaintiff could not have recovered at all without proving title.

As the plaintiff herein might have recovered by showing possession of the land as alleged, without proving title, and as the evidence is not before us, we will presume that the title did not come in question, and affirm the judgment below.

*Per Curiam.*—The judgment is affirmed, with costs.

*George Holland* and *Charles C. Binkley*, for the appellant.
*John M. Johnston*, for the appellee.