·SMITH and Others *v.* JEFFRIES.

CHANGE OF VENUE.—Where the venue of a case has been changed, an appearance and submission to a rule to answer is a waiver of any objection to the transcript, touching the jurisdiction of the court in which the cause is pending.

SAME.—By the term "proceedings," in section 208, 2 G. & H., 155, is meant merely the orders made in the cause by the court granting the change of venue, and not a transcript of the whole record.

PRACTICE.—A defect in a verdict or finding of the court cannot be reached by a motion for a new trial.

SAME.—Where a verdict, either general or special, is imperfect by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages, the proper step for relief against it is by an application for a *venire de novo*.

SAME.—A cause was submitted to the court for trial, the defendant request-
ing that the facts found, and the conclusions of law upon them, should be
stated in writing. The finding was for the plaintiff and stated the facts
proven, but not the conclusions of law upon the facts.

*Held,* that a motion by the defendant for judgment in his favor on the find-
ing would not lie.

*Held,* also, that the court not having stated its conclusions of law upon the
facts found, the case could not be prepared for review in the Supreme
Court by excepting to the decision.

APPEAL from the *Noble* Common Pleas.

GREGORY, J.—This was a suit by *Jeffries* against the ap-
pellants for wrongfully, willfully and maliciously refusing,
as election officers, to receive the ballot of plaintiff at the
last presidential election. The action was begun in *Whitley*
county and removed to *Noble* by change of venue. After
an appearance in the latter court, and submitting to a rule
to answer, and the publication of depositions, the defend-
ants moved to dismiss the case because the certified trans-
cript from *Whitley* county did not contain a copy of the
complaint. The transcript contained nothing but the pro-
ceedings had in open court in the *Whitley* Common Pleas—
an appearance, rule to answer, motion for a change of venue,
and the order directing the change.

The motion came too late, after the appellants had sub-
mitted to the jurisdiction, as they did by appearing and
submitting to a rule to answer. *Cox* v. *Pruitt, ante* p. 90.
Besides, the motion was not well taken at any rate. The
statute requires merely "a transcript of the proceedings,"
and not a transcript of the whole record to be transmitted.
2 G. & H., § 208, p. 155. By "proceedings," in that statute,
we think is meant merely the orders made in the cause by
the court granting the change of venue. The language
will admit of this construction, and to give it any other
would be to require that to be done which would serve no
useful purpose whatever, to either of the parties.

An issue was formed by a traverse of the complaint, and
submitted to the court for trial, the defendant requesting
that the facts found be stated in writing, and the conclusions

of law upon them, as provided in section 341 of the code. The finding is as follows:

"That said plaintiff was, on the 8th of *November*, 1864, and for more than six months prior thereto had been, a *bona fide* resident of *Smith* township, *Whitley* county, *Indiana*, and was born and raised in the *United States*, and is a citizen thereof; that the father of the plaintiff was of mixed blood, three-fourths white and one-fourth Indian, and his mother was a white woman; that the plaintiff, on the 8th of *November*, 1864, at the election held," &c., ",offered to vote, and tendered his vote, and was, by the defendants, judges," &c., "hindered from voting, and his vote refused by them; that the plaintiff had been allowed to vote in that township for more than eight years before, except two or three years; that the defendants, with knowledge of all the facts concerning the plaintiff's pedigree and blood, willfully refused to receive his vote on account of his color. On which facts the court finds for the plaintiff, and assesses his damages at," &c. Motions for a new trial, and for judgment in favor of the defendants upon the finding were overruled, and judgment rendered for the plaintiff.

It is objected to the sufficiency of the finding, that it does not appear that the plaintiff was twenty-one years of age, nor that he was a "white male citizen." We think the facts found sufficiently show that the plaintiff is a "white male citizen of the *United States;*" that he had resided in the State during the six months immediately preceding the election at which he offered to vote; and that, at the time, he resided in the township in which the election was being held, and that he was a legal voter within the meaning of section 2, article 2, of the constitution of the State, provided he was twenty-one years of age. The judges of this court differ on the question, as to whether it sufficiently appears from the finding that the plaintiff was, at the time he offered to vote, twenty-one years of age. The conclusions of law from the facts found are not, we think,

properly stated by the court below as contemplated by section 341 of the code, *supra*.   But the defects, if any, are not presented to this court in a manner to avail the appellants. A motion for a new trial is not the mode to reach a defect in the finding or verdict.

In *Bosseker* v. *Cramer*, 18 Ind. 44, this court held that where a verdict, either general or special, is imperfect, by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages, the proper step for relief against it is not by a motion for a new trial, but by an application for a *venire de novo*.   The defect complained of in the finding is not one of the causes for a new trial under the code.   2 G. & H., § 352, pp. 211, 214.

The motion for judgment in favor of the defendants was not the proper remedy.   Such a motion can only be made where the court, at the request of either party, has instructed the jury if they render a general verdict, to find specially upon particular questions of fact stated to them in writing. 2 G. & H., §§ 336, 337, pp. 205, 206.

If the court below had stated its conclusions of law upon the facts found, the case would have been properly prepared for review in this court by excepting to the decision.   *Addleman* v. *Erwin*, 6 Ind. 494.

The judgment is affirmed, with costs.

*A. Ellison*, for appellants.

*A. Y. Hooper*, for appellee.