### Schmitz *v.* Lauferty.

New Trial.—Practice.—Where the court finds the facts and states its conclusions of law, if the finding is not sustained by the evidence, or is contrary to law, a motion for a new trial is the proper remedy.

Lease.—Statute of Frauds.—A parol lease for a term of two years, with an agreement that the lessee shall have the right to a renewal of the lease for an additional term of three years from the expiration of the term of two years, on the same terms, by giving the lessor six months notice in

writing of his election to take such renewal, is within the statute of frauds, and is void for not being in writing.

SPECIAL FINDING.—PRACTICE.—If the special finding covers the issue, but omits to find a fact rendered material by the evidence, and on which there is a conflict of testimony, the proper remedy is by motion for a new trial, and not by a motion for a *venire de novo.*

APPEAL from the *Allen* Circuit Court.

GREGORY, C. J.—This action was commenced before a justice of the peace by a landlord against his tenant, holding over. On appeal, the case was tried by the court. Special finding, as follows: "In the month of *November*, 1863, the defendant was in possession of the premises in controversy in this suit as the tenant of the plaintiff, having then a residue of a term therein which would not have expired until some time the next spring, at a rent of $38 50 per month. During that same month of *November*, 1863, the parties made a new agreement, whereby the plaintiff let the premises to the defendant for a term of two years from the first day of *December* following, at a rent of $45 per month, which the defendant agreed to pay during said term of two years. At the same time, and as part of the same agreement, the plaintiff let the same premises to the defendant for an additional term of three years, to commence at the expiration of the term of two years, first provided for, at the same rent per month as for the first two years, but as to the last three years the agreement was not absolute, but subject to the option of *Lauferty* as to whether he would continue to hold for that additional period or not. The whole of this agreement was by parol, and not in writing. The execution of a written lease was spoken of, and each of the parties drew up, or caused to be drawn up, instruments of that character, but neither of them were signed. *Lauferty* has been in possession of the premises since the time of the agreement, and no controversy exists as to whether rent has or has not been paid. Before the expiration of the first two years stipulated for, *Lauferty* notified *Schmitz*, by parol, that he elected to keep the prem-

ises for the additional three years, and to this *Schmitz* did not dissent, but remarked, on one occasion when it was spoken of, that he knew that he (*Lauferty*) would do so. More than three months before the expiration of the first two years stipulated for, but after *Lauferty* had notified *Schmitz* of his election to keep the premises for the additional three years, and after an ineffectual effort by the parties to commit their agreement to writing, *Schmitz* served in due form a written notice on the defendant to quit the premises at the expiration of the first period of two years.

"As a conclusion of law from these facts, the court finds that the said agreement constituted a lease for an additional term of three years after the expiration of the preceding term of two years; that the same is valid as being for an additional or independent term, after the expiration of the first term, and that the defendant is entitled to the possession of the premises under it, the same not having yet expired. Hence the court finds that the law is with the defendant, and accordingly finds for the defendant."

The plaintiff moved the court for a new trial, for the following reasons: 1. Said finding of the court is contrary to the evidence in said case. 2. The finding of the court is contrary to law. 3. Because the court erred in its application of the law to the facts found. The motion was overruled and the plaintiff excepted. The plaintiff then moved the court for a judgment in his favor on the special findings, which motion the court overruled and the plaintiff excepted. The evidence is made a part of the record by bill of exceptions.

The parties attempted to reduce their contract of leasing to writing. A lease was prepared, but not signed. The writing thus prepared contained this provision, among others: "And it is further stipulated and agreed by said parties, that the said party of the second part shall have a right to a renewal of this lease for an additional term of three years from the expiration of the term above mentioned, upon the same terms and conditions above mentioned in all

respects, by giving the said party of the first part six months notice in writing before the expiration of the term herein granted, of his election to take such renewal."

*Lauferty* testified of this writing as follows: "I afterwards wrote out a lease and gave it to him to sign. He did not sign it. It contained our agreement correctly, as we had made it."

*Schmitz* testified of this paper as follows: "Soon afterwards *Lauferty* wrote out a lease and gave it to me to sign. I do not remember that it differed in any important respect from the one I had handed him. I think it was substantially the same. The only reason why I did not sign it was that he had acted so badly that I thought I would sign nothing, and let him stand on his rights, and I would stand on mine."

It appeared in evidence that the written notice of *Lauferty's* election to hold the premises for the additional three years was served on *Schmitz* on the 1st day of *July*, 1865. After the evidence was closed and the case partly argued by counsel, *Lauferty* was recalled and testified that his agreement was to give *Schmitz* ninety days notice if he elected to take a renewal of the lease. In drawing up the lease he intended to make it ninety days or three months, not six. *Schmitz* was recalled, and testified that at the time *Lauferty* requested that it should be made six months, so that the parties would have more time to look about. That the agreement was for six months notice.

It is claimed by the appellee that the main question in this case is not presented; that the appellant ought to have excepted to the conclusions of law, and that a motion for a new trial is not the proper mode of reaching it. When the evidence is not made a part of the record, and the case is prepared for this court under the 341st section of the code, (2 G. & H. 207,) a motion for a new trial is not the mode of reaching an error of the court below in its conclusions of law. *Smith et al.* v. *Jeffries*, 25 Ind. 376. But if the "decision is not sustained by sufficient evidence, or is con-

trary to law," then the case is within the sixth specification of section 352 of the code, (2 G. & H. 212,) and a motion for a new trial is proper. The special finding in this case covered the issue, and the defect, if any, could not be reached by a motion for a *venire de novo*. In *Smith et al.* v. *Jeffries, supra.*, the finding did not cover the issue. The suit was for refusing the plaintiff's vote, he being, as was averred, a legal voter. The court in that case was compelled to find whether *Jeffries* was a legal voter or not. In the case under consideration, the issue to be tried did not necessarily involve the special facts found. The complaint averred that the plaintiff leased to the defendant, for the term of two years from the 1st of *December*, 1863, the premises in controversy; that the tenancy expired on the 1st of *September*, 1865; that ever since that time the plaintiff had been entitled to possession, and that the defendant unlawfully held over. The general denial was in by operation of law. We think the case is fairly before us on a motion for a new trial.

The testimony is conflicting as to the time of giving the notice of election to continue the term for the additional three years. There is no conflict, however, but that the notice was to be in writing. The court does not find that the contract required any notice whatever; but it is found that *Lauferty* notified *Schmitz* by parol that he elected to keep the premises for the additional three years, before the expiration of the two years stipulated for. Under the evidence, it was material for the court to pass on the testimony as to the notice of election. The appellant had the right to have the court find one way or the other. This omission to find makes the "decision contrary to law," within the meaning of the code.

But the main question in this case is this, is this lease within the statute of frauds? The statute provides that "conveyances of lands, or of any interest therein, shall be by deed in writing, subscribed, sealed, and duly acknowledged by the grantor, or by his attorney, except

*bona fide* leases for a term not exceeding three years." 1 G. & H., § 4, p. 257.

The act for the prevention of frauds and perjuries provides "that no action shall be brought * * * upon any agreement that is not to be performed within one year from the making thereof, unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting, however, leases not exceeding the term of three years." 1 G. & H., § 1, p. 350, cl. 5.

If a lease be made for three years, and so from three years to three years, this is a lease for six years, and so void by the statute, unless it be in writing; and a lease for one year, and so from year to year for or during forty years, is a lease for the term of forty years. But a parol lease from year to year, as long as it shall please both parties, is, with a view to its present extent, a lease for a year certain, and no more. ROBERTS on Frauds, p. 242, and note 93.

Here, *Schmitz*, under the contract, parted with his right to the possession of the demised premises for six years, at the election of *Lauferty*. No further agreement was necessary on *Schmitz's* part. It was not a contract for the additional three years provided both parties could agree, but it was a vested interest in *Lauferty* to have the additional term at his own election.

We do not decide whether a parol lease would be good for a term of three years, to commence in the future. Under the English statute, and our own, until the revision of 1852, it is well settled that such a lease would not be good; but as to whether the present statute has changed this rule we do not now decide.

We think that the case under consideration is clearly within the evils intended to be remedied by the statute of frauds. The court erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*L. M. Ninde, R. S. Taylor,* and —— *Robertson,* for appellant.

*J. L. Worden* and *J. Morris,* for appellee.