# IN GENERAL TERM.

### GEORGE H. CARTER *v.* THE AUGUSTA GRAVEL ROAD COMPANY.

#### *Trespass—Practice—Pleading—New Trial—Exceptions.*

Where no adverse possession is shown, a plaintiff in an action for trespass upon realty, may recover without showing previous possession.

An adverse entry is not to be presumed, but must be proven.

A complaint in trespass, simply declaring for damages by adverse possession, and for removal of buildings, does not raise the question of title to the real estate.

Where the defendant in an action of trespass justifies by reason of some title or easement, which gives him a legal right to do the act which is the subject of the action, he must set forth the title or right to enjoy the easement specially.

Questions of law, arising upon the finding must be saved by exceptions to the conclusions of law.

A motion for *new trial* is the proper remedy where the finding is not sustained by the evidence.

*Finch & Finch*, for appellee.

*Barbour & Jacobs*, for appellant.

BLAIR, J.—The plaintiff alleges in his complaint that he is the owner of certain real estate, and that the defendant, without right, entered upon it and erected thereon a toll house, dwelling house, and out-buildings, and continues to maintain the same thereon, and refuses to remove them, to the damage of the plaintiff; for which damages he asks judgment, and also asks as special relief that the defendant be compelled to remove the buildings. The first paragraph of the answer is the general denial, and a second paragraph sets up a license from the owner of the premises.

Carter *v.* the Augusta Gravel Road Company.

There was a trial by the Court at Special Term, and at the request of the parties, the Court made a special finding of the facts, and the conclusions of law thereon. The defendant moved for judgment upon the special finding, which motion was overruled and excepted to by the defendant. Judgment was then entered for the plaintiff. The defendant appeals and assigns for error the overruling of her motion for judgment upon the special finding, and the rendering of the judgment upon the finding for the plaintiff.

No exceptions were taken to the conclusions of law stated by the Court, nor was there any motion for a new trial, and under the practice prescribed by *Section* 341 *of the Code,* 2 *G. & H.,* 207, the main questions which were discussed in the oral argument of the appellant, and which are presented in the brief, are not properly before the Court for review.

Questions of law arising upon the finding, must be saved by exceptions to the conclusions of law, and are not saved by a motion for judgment on special finding, nor by a motion for a new trial. *Luirance et al* v. *Luirance,* 32 Ind., 198; *Pedens, Adm'r.,* v. *King,* 30 Ind., 181; *Addleman* v. *Erwin and Others, Adm'rs,* 6 Ind., 494; *Smith et al* v. *Jeffries,* 25 Ind., 376; *The City of Logansport* v. *Wright,* Ib., 512.

If the finding is not sustained by the evidence, or is contrary to law, a motion for a new trial is the proper remedy. *Schmitz* v. *Lauferty,* 29 Ind., 400.

The evidence is not before us; and the motion for a judgment in favor of the defendant on the special finding of facts, and the conclusions of law thereon, proceeds upon the theory that the finding is correct and sustained by the evidence; and as no exceptions were taken to the conclusions of law, the case is not similar to a special finding of facts by a jury, and a general verdict inconsistent with the facts; in which case the special finding must govern, and a judgment would be rendered on the special finding for the

party legally entitled to the same, notwithstanding the general verdict.

The special finding of the Court does not indicate that any facts exist to support the plea of license; and hence the defense is limited to such matters as might properly be admitted under the general issue. Although the complaint asked as special relief that the defendant might be compelled to remove the buildings, we regard the prayer as surplusage, the action being merely to recover damages for the alleged trespass, and not to recover possession.

The Court found that the lands described in the complaint, " are bounded on the east by the Michigan road, and include half the road, subject to the public use of said road," and and that the plaintiff, and those from whom he derived his title, owned the same, " back to a period anterior to the construction of the Michigan road under the acts of Congress, and the General Assembly of the State of Indiana." These facts, and the further fact that the defendant erected the buildings complained of on the land, as found by the Court, would make a *prima facie* case for the plaintiff. The entire defense, as disclosed by the findings, and as presented to the Court, rests upon the theory that the defendant is possessed of the public easement of the road formerly known as the Michigan road; and that the right of way is one hundred feet wide or, in other words, that the right of the defendant extends to the use of fifty feet of the lands of the plaintiff, extending westward from the center of the road. Such a defense, to be available, must have been set up in answer, for it is a rule of pleading established at common law, as well as by the Code, that whenever the defendant in trespass justifies by reason of some title or easement which gives him a legal right to do the act which is the subject of the action, he must set forth his title, or right to enjoy the easement specially. *Pearle* v. *Bridges*, 2 Saunders R., 401, and Note 1. *Wood* v. *Mansell et al*, 3 Blackf., 125; *The President and*

*Directors of the Crawfordsville and Wabash R. R. Co.* v. *Wright,* 32 Ind., 252 ; *Babcock* v. *Lamb et al,* 1 Cowen, 238 ; *Dewich* v. *Chapman,* 11 John., 132 ; *Strout et al* v. *Berry,* 7 Mass., 385.

It is urged that the plaintiff is not entitled to recover because the buildings complained of were erected, and the defendant was in possession holding adversely to the plaintiff at the time he acquired title.  It is true that to maintain an action. for trespass, the plaintiff must have the actual or constructive possession.  *Raub* v. *Heath,* 8 Blackf., 575.

The English rule required an actual entry by the bargainee before he could maintain trespass, but it is held in the case of *Wood* v. *Mansell,* 3 Blackf., 125, that " unless there appear to have been an adverse possession of the *locus in quo,* the bargainee may recover in trespass by proving property, without showing also a previous possession."

The finding simply shows that the defendant erected the toll house, &c., on the premises described in the complaint, and does not show any claim of right or title adverse to the plaintiff.  An adverse entry is not be presumed, but must be proven.  *Pierson et al* v. *Doe,* 2 Ind., 123, *and the authorities there cited.*  As we think, the finding does not show the erection of the buildings to have been under a claim adverse to the owner, the rule contended for would not apply.

But as we have already stated, this and other similar questions are not properly presented, and saved by exceptions to the overruling of the motion of the defendant for judgment on the special finding ; and that the defense urged by the defendant, that she was possessed of the easement or right of way over the premises on which the buildings were located should have been set up specially in answer, the judgment must be affirmed.

The case was transferred to this Court from the Court of Common Pleas, under an agreement waiving nothing as to the taxing of costs, but the costs to be taxed as if no

Carter *v.* the Augusta Gravel Road Company.

agreement to transfer had been made. A motion was made by the defendant to tax all the costs up to the time of the transfer to the plaintiff, "because it appears from the complaint that the title to real estate is in question in this case." The Court overruled the motion to which the defendant excepted. We do not think the title to real estate is put in question by the complaint; the overruling of the motion is fully sustained by authority—*Maxam* v. *Wood*, 4 Blackf., 297.

*Per Curiam*—The judgment is affirmed.

---

*Note.*—If the plaintiff have the right of property, and of immediate possession, he may maintain trespass, though not in actual possession. 1 *Iowa (Greene)*, 494; *Poole* v. *Mitchell*, 1 Hill, (S. C.), 404.

See also for principles controlling damages in trespass—*Sedgwick on Measure of Damages*, 5*th Ed.*, *p.* 143, *et seq*, and *authorities cited.*

When the motion for a *new trial* merely shows, that a party claimed that certain evidence was not admissable in any way to affect the terms of a written instrument, without showing that the claim was made when the evidence was offered, or that the evidence was let in subject to exception, and the claim subsequently made that it should be excluded, or that the Court was requested to charge as to its effect, or the consideration to be given it, no question is raised which the Court is bound to consider. 31 *Conn.*, 204, *per Butler, Judge.*

Where the Court below refused a new trial, in the Appellate Court all the evidence must appear in the exceptions. *Hilliard on New Trials, p.* 22.

So the Court above will not revise the action of the Court below in granting a new trial, unless the facts upon which the Court acted appear from the record. *Same.*

A motion for a *new trial* is the proper remedy for error in admitting or rejecting testimony, or in the charge of the Judge to the jury. A motion *in error*, for errors in the declaration, pleadings, and judgment. *Hilliard on N. T., p.* 12, *and citations.*

An application for a " new trial" comes too late after " *a motion in arrest of judgment*" has been overruled. *Same, and citations.*

In general, "a motion in arrest of judgment," affirms the verdict, and precludes a motion for a new trial. 12 *Ind.*, 317.

The verdict of a jury upon questions of fact, or the judgment of the Court acting in place of a jury, will not be disturbed unless *clearly and palpably* wrong. 17 *Barbour*, 388. See also 5 *Ind.*, 261.

What is not found by a special verdict, will be taken not to exist. 20 *Penn.*, 60; 21 *Pick.*, 509; *State* v. *Wallace*, 3 *Iredel*, 195.

"Verdicts are to have a reasonable intendment. * * If rendered upon substantial issues of fact, fairly presented by the pleadings, they should not be disturbed on account of mere technical defects. So where the record is irregular and confused, but shows a verdict to have been rendered, the presumptions will be in favor of the validity. *Dixon* v. *State*, 3 *Clarke (Iowa)*, 416; *Hilliard on N. T.*, 99, *et seq.*