## BROKER v. SCOBEY.

PRACTICE.—*Motion to Strike Out.*—*Bill of Exceptions.*—The action of a court in overruling a motion to strike out a portion of a pleading will not be considered by the Supreme Court, when neither the motion, the decision of the court thereon, nor an exception thereto is made part of the record by a proper bill of exceptions.

EVIDENCE.—*Trespass.*—*Proof of Title.*—Where, on the trial of an action for trespass on land, wherein the complaint alleges fee-simple title in the plaintiff to the *locus in quo*, without alleging his possession, the plaintiff, by deed, shows title in a third person, he can not prove fee-simple title in himself, without which proof he can not recover, except by the production in evidence of the proper title deeds.

SAME.—*Constructive Possession.*—Simple proof of the plaintiff's title to the *locus in quo* draws after it a constructive possession, sufficient to enable him, in the absence of evidence of an adverse possession thereof, to recover for a trespass thereon.

SAME.—*Instruction to Jury.*—*Assuming Fact.*—On the trial of such action, in giving an instruction to the jury in relation to evidence introduced of the plaintiff's title to the *locus in quo*, it is error in the court to assume therein that parol evidence of such fact had been given without objection thereto by the defendant, and to instruct them that such evidence, so given, is sufficient.

SAME.—*Possession of Locus in Quo in Stranger.*—*Contract of Sale.*—Where, in such case, there is evidence tending to show, that, prior to the commission of the trespass alleged, the plaintiff had delivered possession of the *locus in quo* to a third person, pursuant to a contract of sale of the same by the former to the latter, it is error in the court to refuse to instruct the jury, that, if such possession was delivered pursuant to a contract of sale, evidenced by a written memorandum thereof, and such sale had not been rescinded, the plaintiff could not recover.

From the Decatur Circuit Court.

*S. A. Bonner, J. L. Bracken* and *B. W. Wilson*, for appellant.

*J. D. Miller* and *J. S. Scobey*, for appellee.

HOWK, J.—In this action, the appellee was plaintiff, and the appellant was defendant, in the court below.

In his complaint, the appellee alleged, in substance, that, before and at the time of the commission by appellant of the grievances thereinafter stated, the appellee was the owner in fee-simple of the east half of the north-west

quarter of section eleven, town ten north, of range nine east, except that part thereof lying north of the track of the I., C. & L. Railroad; that upon said tract of land, so owned by appellee, on the east side thereof and adjacent to the city of Greensburgh, was situated a frame dwelling-house, of the value of six hundred dollars; that on the —— day of January, 1869, the appellant, without the leave or license of the appellee, wrongfully entered upon said premises, and then and there purposely and unlawfully set fire to and burned said dwelling-house, then and there situate, and destroyed the same, of the value aforesaid, to the damage of the appellee in said sum of six hundred dollars; for which said sum, with interest thereon from said —— day of January, 1869, in all the sum of one thousand dollars, and for other proper relief, the appellee demanded judgment.

Appellant moved the court below, in writing, to strike out a part of appellee's complaint, which motion was overruled by the court, and to this decision the appellant excepted.

The appellant demurred to the appellee's complaint for the alleged insufficiency of the facts stated therein to constitute a cause of action, which demurrer was overruled by the court, and appellant excepted.

Appellant answered the complaint by a general denial; and the action being at issue was tried by a jury, and a verdict was returned for the appellee, assessing his damages at three hundred and five dollars and forty cents. On written causes filed, appellant moved the court below for a new trial, which motion was overruled by the court, and to this decision appellant excepted. And judgment was rendered upon the verdict, from which judgment this appeal is now prosecuted.

In this court, the appellant has assigned a number of alleged errors of the court below, but the larger part of them are merely causes for a new trial, and are improperly assigned as errors in this court. The overruling by

the court below of appellant's motion to strike out part of appellee's complaint is assigned as error. But this motion, the decision of the court thereon, and appellant's exception thereto were not made part of the record by a proper bill of exceptions, and, therefore, this alleged error presents no question for our consideration.

The overruling of appellant's demurrer to the complaint, by the court below, is also assigned as error. Appellant's counsel have failed, in their argument, to point out any objection to the complaint; and it seems to us that the facts stated are sufficient to constitute a cause of action.

The last alleged error, assigned by the appellant, is the overruling by the court below of her motion for a new trial. There were many alleged causes for a new trial assigned by the appellant, in her motion therefor; but we shall consider only such of them as appellant's learned counsel have directed our attention to, in their argument of this cause in this court. Appellant's counsel say: "First, then, this being an action of trespass, it was necessary for the plaintiff below to show that he was in possession of the property on which the trespass was committed, and had a right to that possession." It is conceded, however, by appellant's attorneys, that, under the law of this State, proof of the appellee's title to the *locus in quo* would have drawn after it such a constructive possession, as would have enabled the appellee to maintain the action, unless there appeared to have been an adverse possession. *Wood* v. *Mansell*, 3 Blackf. 125, *Raub* v. *Heath*, 8 Blackf. 575, and *Barber* v. *Barber*, 21 Ind. 468.

It is insisted by appellant, with much force, that while the appellee utterly failed to make any sufficient proof of his title to the premises, on which the trespass was alleged to have been committed, he not only failed to prove any possession, actual or constructive, of said premises by himself, but also showed very conclusively by his own evidence, as a witness in his own behalf, that he was not

Broker *v.* Scobey.

in, and had no right to, the possession of said premises, when the alleged trespass was committed. And in this position, in our opinion, the appellant is fully sustained by the record of this cause. In regard to the possession of the premises at the time the house was burned, the appellee, when asked about a negotiation between himself and one William Devine, testified as follows:

" We had, in terms, agreed upon a trade of two acres of ground, in connection with this house, to be conveyed to Devine for the house where Devine lived, by the Magnolia House, and I was to furnish him timber to make sills for an addition he was to make to the house. He had taken possession of the house, and had the sills there on the ground."

Under this evidence, and it is uncontradicted and strongly corroborated by the evidence of other witnesses, it is clear to our minds, that the appellee had neither the possession, nor the right to the possession, of the *locus in quo*, at the time the alleged trespass was committed thereon.

But it will be seen, from the averments of his complaint, that the appellee has alleged his title only, without alleging his possession, in this cause. In such a case, the doctrine was laid down by this court, in the case of *Barber* v. *Barber, supra,* that the plaintiff could not recover without proving his title, " in view of the rule that the allegations and the proofs must correspond." In the case at bar, it seems to us that the appellee wholly failed to make any proof whatever of his title. Indeed, so far from proving title in himself to the *locus in quo,* the record shows that the appellee gave in evidence a deed, conveying the premises to one John F. Stevens, and, for aught else that appeared in evidence, the title to the premises remained in Stevens until after the trial in the court below. Having shown title to the premises in Stevens, by deed of conveyance, no parol evidence, and

nothing, in fact, but his deed, would suffice to show that he had parted with the title.

We pass now to the consideration of the instructions given, or refused, by the court below, to the jury trying the cause, where the action of the court was assigned as a reason for a new trial, in appellant's motion therefor, and is complained of as erroneous in this court. At the appellee's request, the court below gave the jury the following instruction:

"It is not necessary to the plaintiff's case, that he should have shown in evidence a deed of conveyance to him for the premises on which said house was situated. The defendant on the trial might have required such deed to be shown in evidence, by objecting to the proof of title by parol. But, if such parol proof was introduced to the jury, without objection by the defendant at the time, she can not, on argument, be heard to object; such objection, on argument, comes too late."

In our opinion, this instruction was erroneous. It was not applicable to the facts of this case, as shown by the evidence. It assumed as matter of law, and so informed the jury, that the appellee had made parol proof of his title to the *locus in quo* without objection by the appellant. The title alleged by appellee in his complaint was a fee-simple title, and such a title he was required to prove; else the allegation and the proof would not correspond. It may well be doubted, if an alleged title in fee-simple can be properly proved in any other mode than by the title deeds. But that is a question we need not now decide. In this case, as we have already seen, the appellee had shown, by deed, a title to the premises in John F. Stevens, and, having introduced this evidence, the appellee could not, in our opinion, prove a fee-simple title to the premises in himself in any other way than by the production in evidence of the proper title deeds.

The appellant requested the court below to give the jury the following instructions:

" If the jury believe from the evidence, that the plain-tiff, before the burning, sold, by written memorandum signed by the parties, the property in controversy to William Devine, and put him in possession of the same, and there has been no rescission of said contract, then the property was the property of Devine, and the plain-tiff can not recover."

This instruction was refused, and an exception saved by the appellant to the ruling of the court. It seems to us, that this instruction should have been given to the jury. There was evidence before the jury, tending to show that the appellee, before the house was burned, had agreed with Devine to exchange the house and two acres of ground for certain property owned by Devine. The appellee had put Devine in possession of the house, and, in pursuance of their trade, he had furnished Devine with sills for an addition to the house, which were on the ground and partially framed. Devine's wife had cleaned up the house, preparatory to his occupation of it. The appellee had testified, that he was unable to state whether there was any memorandum of the terms of the trade written or signed. But it was a proper question, we think, for the jury to determine, from the evidence before them, whether the appellee or Devine owned the house at the time it was burned. This question would have been left to the jury very fairly by the instruction asked for, and we think it should have been given. Certainly, if the house was the property of Devine, the appellee ought not to recover damages for its destruction. *Thompson* v. *Norton*, 14 Ind. 187, and *Milligan* v. *Poole*, 35 Ind. 64.

Exceptions were duly saved by the appellant to other decisions of the court below, on the trial of this cause; which decisions were duly assigned as alleged causes for a new trial, in the motion therefor. But these decisions may not be repeated in another trial of this action; and

having reached the conclusion, in what we have already said, that a new trial should have been granted, it would be unnecessary, and perhaps unprofitable, to extend this opinion beyond its present limits. For the reasons already given in our opinion, the court below erred, in overruling the appellant's motion for a new trial.

The judgment of the court below is reversed, at the costs of the appellee, and the cause remanded, for a new trial.