### C. L. COLLINS v. SARAH W. TURNER ET AL.

(No. 219, Op. Book No. 1, p. 302.)

APPEAL from Smith County.　Opinion by WHITE, J.

§ **517.** *Trespass upon property; possession of property is title sufficient to maintain action for; community property.* Appellant sued appellees for damages caused to land by ditches which they had dug in such manner as to overflow the land. He alleged the land injured to be the community property of himself and his deceased wife. The trial court charged the jury upon the subject of title

to the land as follows: "In order to entitle the plaintiff to recover, you must be satisfied from the evidence before you that the land claimed to be the community property of the plaintiff and his deceased wife is the community property of the plaintiff and his deceased wife. A deed to property to the wife, purchased by the husband with community funds, raises the presumption that it was the intention that the property should become the separate estate of the wife. But this presumption may be removed by evidence that it was not the intention of the parties at the time of the conveyance that it should become the separate property of the wife." *Held*, this charge is the reverse of the law. Property conveyed to the wife during marriage is presumed to be community property, in the absence of evidence that it was paid for out of the separate estate of the wife. [Stanley v. Epperson, 45 Tex. 645; Cooke v. Bremond, 27 Tex. 457.] No doctrine is better settled than that property purchased during the marriage, whether the conveyance be in the name of the husband or wife, or in the joint name of both, is to be taken *prima facie* to belong to the community. [Higgins v. Johnson, 20 Tex. 389; Huston v. Curl, 6 Tex. 239; Mitchell v. Marr, 26 Tex. 331; Holloway v. Holloway, 30 Tex. 179.] The charge was also erroneous because it made plaintiff's right to recover depend upon his title to the land. The title to the land was not a material issue in the case. Possession of the land by appellant was sufficient to entitle him to maintain the action. Actual possession is sufficient to ground an action against a wrongdoer; for he who commits a trespass upon the possession of another, being himself a wrongdoer, has no right to put the other party upon proof of title. [1 Blackf. 89, 90; 8 Blackf. 575; 4 Ind. 219; 21 Ind. 468; 1 Comst. (N. Y.) 223.]

November 7, 1877.          Reversed and remanded.