## No. 8474.

## CARTER v. BRANSON ET AL.

PLEADING.—*Copy of Writing.*—A writing which is not the foundation of the action or defence should not be copied into the complaint or answer, and, if so copied, it neither adds to nor takes from the force of the averments of the pleading.

TRESPASS.—*Answer of Title and Possession in Another.*—In an action for trespass on land, it is a good answer that the plaintiff had conveyed and given possession of the land to another, by whose authority the defendants did the acts complained of, the copy of the deed referred to being unnecessary and immaterial.

SAME.—*Conveyance.—Re-entry.*—The grantor in a conveyance upon a condition subsequent, after condition broken, must have re-entered and had possession at the time of an alleged trespass upon the land, in order to be entitled to an action therefor.

SAME.—*Grantor and Grantee.*—The mere assertion of ownership or control by a grantor, after breach of a condition subsequent in his deed, the grantee being still in the actual possession, does not constitute a re-entry and recovery of possession so as to enable the grantor to maintain an action of trespass.

CONVEYANCE.—*Condition Subsequent.*—*Breach.*—A condition in a convey-- ance of land to a religious society, that it shall be "held so long as needed, for meeting purposes, then to revert," is not broken by the removal of the meeting-house onto adjacent ground, if the land so conveyed is still needed and intended to be used for any purpose connected with the meet- ings of the society.

INSTRUCTION.—*Harmless Error.*—Though under supposable facts, of which there was no evidence, an instruction was too broadly stated, yet if in refer- ence to facts proved it could not have misled the jury, the error is harmless.

From the Hendricks Circuit Court.

*E. F. Ritter, L. C. Walker, L. Ritter* and *J. V. Hadley,* for appellant.

*L. M. Campbell,* for appellees.

WOODS, J.—The appellant sued the appellees, charging in his complaint "that for more than forty years last past he has been the owner in fee simple, and in possession, of the follow- ing described real estate" (the piece described being six by eight rods in size, and situate) "in Hendricks county, Indiana; that on the 3d day of January, 1878, the defendants, without right, unlawfully and maliciously entered upon said real es- tate and moved therefrom three frame buildings of the re- spective values of seven hundred dollars, two hundred dol- lars, and fifty dollars; that then and there the defendants also cut down and destroyed certain pine, cedar and forest trees standing upon said real estate, and dug up and excavated said real estate, on account of which acts the plaintiff has been damaged one thousand dollars, for which he asks judgment. against the defendants."

The defendants answered by general denials, and by a. special plea (provable under the general denial), in substance, as follows:

" That the defendants, with other persons who are not made parties to this suit, on the      day of      , 1878, did enter upon said real estate and did remove therefrom certain frame buildings which had been erected thereon, being the build- ings referred to in the complaint; but that the plaintiff ought not to have or maintain his action therefor, because they say,.

that on the 11th day of November, 1872, the plaintiff, together with his wife, Elizabeth, by their joint deed of that date (a copy of which is filed herewith), did then and there convey and warrant to Caleb Hunt and four others, named, as trustees of the Mill Creek Monthly Meeting of the Religious Society of Friends, and their successors, the real estate described in said complaint, the same being wholly unimproved; that said society, known by said name, was then and for a long time prior thereto, and continuously to the present time has been, acting, doing business and maintaining regular religious worship, as a religious corporation, as was well known to the plaintiff, and as such did erect on said real estate a building to be occupied as a house of worship, and such outhouses as were necessary to be had, adjacent thereto ; that said society had purchased and owned another lot of land of the same size immediately adjoining that described in the complaint; that in the year 1878 the society, by resolution passed at a regular meeting thereof, appointed these defendants, with others, a committee to consider the propriety of removing said meeting-house and other buildings onto the adjoining lot, and, acting as agents and by the authority of said society, and not otherwise, they did remove said buildings a distance of five rods east from where they were erected and located the same on the said adjacent lot, believing this to be for the best interest of the society and better protection of said property, where the same buildings are, and have been regularly, since the removal, used and occupied for meeting purposes; that they did not otherwise enter upon said land or any part thereof, nor otherwise take or remove any building, trees or other property, nor did they enter upon any other lands than those described in the deed aforesaid."

The *habendum* of the deed referred to in this answer, as set forth in the copy filed, is of the tenor following, to wit: "To have and to hold for the use of said religious Society of Friends so long as it may be needed for meeting purposes; then said premises to fall back to the original tract."

The court overruled the appellant's demurrer to this answer, and whether this ruling was correct is the first point to be decided.

Counsel for the appellant contend that the land in question was held by said society upon a condition subsequent, expressed or implied in the clause above quoted from the deed, and that the proposed removal of the buildings, as set forth in the answer, constituted a breach of the condition, whereby the title was at once revested in the appellant, and that the act of removal was itself an actionable trespass.

Whether the society held its title subject to the condition stated, we need not decide. The proposition is certainly not clear. There is no explicit provision that the title shall in any event revert to the grantor in the deed. " Then said premises to fall back to the original tract," is the language used. It does not appear from the face of the deed, nor is it averred that the piece conveyed was carved out of a larger tract of which the grantor was owner; and, if that were conceded, it does not appear that the plaintiff is still the owner of the "original tract."

But, waiving such suggestions and the legal queries that arise out of them, it can not be said on the facts disclosed in the answer, that there was a breach of the alleged condition. The proposed removal of the buildings which the society had erected furnished no reason for a necessary inference that the land was not longer "needed for meeting purposes." It may have been intended to make room for new and better buildings, or the design may have been to put the old site of the buildings to some other useful purpose in connection with the old buildings in their new location. If only for the purpose of hitching horses and the like uses, while the people were attending meeting, it would seem to have been enough to prevent a forfeiture of the title. The answer shows that the plaintiff had conveyed away his alleged title and put the grantee in possession, and that, by authority of that grantee, yet in

actual possession, the defendants did the things alleged against them; and nothing appears from which it can be inferred that the possession of the society had become wrongful or its title forfeited. It necessarily follows that the answer is good.

It is proper to observe here, that the alleged deed is not the foundation of the defence; it is only evidence of the title which is set up. It was therefore not proper to file a copy with the answer, and the averments of the plea are neither strengthened nor impaired by the exhibit. Considered without reference to the exhibit, the answer is entirely free from the objection which is made to it. The conveyance by the plaintiff of his title to the society is directly averred; the possession of the society by virtue of the conveyance, and under it of the defendants, is fairly, if not necessarily, inferable from the other averments made, and there is nothing, from which it can be inferred that the title so conveyed was subject to any condition or limitation whatever.

It is argued at some length that the verdict is contrary to the law and the evidence. The force of the argument consists largely in the alleged breach of condition by reason of the proposition to remove the building. We need not add anything further on that subject.

It is next claimed that the court erred in giving and refusing instructions. The fourth instruction given was as follows:

"If you find from the evidence, that Ira Carter and wife deeded the real estate described in the complaint to the Mill Creek Monthly Meeting of the Religious Society of Friends, and said society erected buildings thereon and abandoned the same, and ceased to use and exercise any control over the same at any time before the alleged trespass, then you should find for the plaintiff against the defendants, that the evidence shows," etc.

The objection made to this instruction is that the court thereby declared in effect, "that any kind of use or control over said real estate would protect the defendants in this case." It is a sufficient answer to the objection, if otherwise well

made, to say that there was no evidence given of any use or control of the property, prior to the alleged trespass, inconsistent with the purpose for which it was conveyed. There could, therefore, have come no harm to the appellant on account of the alleged inaccurate wording of the charge, which in other respects was certainly quite favorable to the appellant.

The first instruction asked by the appellant contains the proposition, that if the defendants entered upon the land held under said deed, and removed therefrom the buildings, without the plaintiff's consent, they were trespassers. This is palpably wrong. It leaves out of question who the defendants were, whether members of said society and acting for it, or whether they were strangers, committing a trespass against the society, instead of the plaintiff; in short, it ignores all inquiry whether the society had abandoned or forfeited its possession, and whether the plaintiff had re-entered and was holding the lawful possession when the alleged trespass was committed.

The second instruction asked was embraced in the fourth given.

The remaining instructions asked by the appellant go upon the theory that the moment the society determined to discontinue meeting upon the land in question and to remove the buildings therefrom, the title to the land reverted to the appellant, and that the subsequent removal of the buildings was a wrong against him.

If the deed were construed as meaning that the society must maintain its meeting-house upon the land described, and that it could not use this land in connection with a meeting-house situated near by it, and it were conceded that upon breach of the condition the title would revert to the plaintiff, still, in order to be entitled to recover, the plaintiff was bound to prove that he had made an actual re-entry upon the land, had recovered, and, as alleged in his complaint, was holding, the possession at the time the acts complained of were done. The evidence shows clearly that the society had maintained continuous and actual possession and was in control at the time of, and by its

agents itself did, the acts complained of. The fact, if it were a fact, that the plaintiff claimed and asserted ownership or control, or forbade the removal of the buildings before it was done or while being done, did not constitute such re-entry and recovery of possession as to enable him to maintain the action. See *Cross* v. *Carson,* 8 Blackf. 138; *Leach* v. *Leach,* 10 Ind. 271; *Scott* v. *Stipe,* 12 Ind. 74; *Barber* v. *Barber,* 21 Ind. 468; *Broker* v. *Scobey,* 56 Ind. 588.

We find no error in the record of which the appellant may justly complain. The judgment is therefore affirmed, with costs.