[The remainder of this number is composed of opinions of the Court of Appeals in civil causes, rendered some time since, and never before published. We publish them at the request of several members of the bar.—ED.]

## C. L. COLLINS v. SARAH W. TURNER ET ALS.

*Community property.*—Property conveyed to the wife by deed, pending the marriage, is presumed to be community property, in the absence of evidence that it was paid for out of the separarate funds of the wife.

*Same.*—Property purchased during the marriage, whether the conveyance be in the name of the husband or wife, or in the joint names of both, is to be taken *prima facie* to belong to the community.

*Damages—Title.*—Proof of possession, without regard to title, is sufficient to sustain an action for damages and to abate a nuisance.

*Charge of the court* —See opinion for charge of the court *contra* these rules · *held* error.

Appeal from the county court of Smith. Tried below before the Hon. George W. Smith, county judge.

G. W. & H. Chilton, for appellant.

Reaves & Dodd, for appellee.

Opinion by White, J.—This was a suit brought by appellant in

the court below against appellees, to recover damages occasioned to land alleged to belong to himself and his deceased wife's estate in community, which damages resulted from the excessive flow of water upon said land by means of four ditches dug upon the land of appellees. Prayer was also made that these ditches should be abated as nuisances.

Upon the trial, one of the principal instructions contained in the charge of the court to the jury was in these words, viz:

"In order to entitle the plaintiff to recover, you must be satisfied from the evidence before you that the land claimed to be the community property of plaintiff and his deceased wife, C. A. Collins, is the community property of the plaintiff and his deceased wife, C. A. Collins. A deed to the wife for property purchased by the husband with community funds raises the presumption that it was the intention that the property should become the separate estate of the wife. But this presumption may be removed by evidence that it was not the intention of the parties at the time of the conveyance that it should become the separate property of the wife."

This charge is the very reverse of the law, as settled by numerous decisions of our Supreme Court. The rule, as we understand it, is, that "property conveyed to the wife by deed pending the marriage is presumed to be community property, in the absence of evidence that it was paid for out of the separate estate of the wife." (Stanley v. Epperson, 45 Texas, 645; Cooke v. Bremond, 27 Texas, 457.) In fact, "no doctrine is better settled than that property purchased during the marriage, whether the conveyance be in the name of the husband or wife, or in the joint names of both, is to be taken *prima facie* to belong to the community." (Higgins v. Johnson, 20 Texas, 388; Huston v. Curl, 6 Texas, 239; Mitchell v. Marr, 26 Texas, 331. See, also, Holloway v. Holloway, 30 Texas, p. 179.)

Again, the charge as quoted is believed to be erroneous, because it made the plaintiff's right to recover, and the whole case is made to depend upon his title to the land. This was not the issue, or a material issue, raised by the pleadings. Proof of title was not necessary; proof of possession, simply, is sufficient to maintain an action for damages and to abate a nuisance. In Conner v. New Albany, 1 Blackf., pp. 89, 90, it is said, "Actual possession is sufficient on which to ground an action against a wrongdoer; for he who commits a trespass upon the possession of another, being himself a wrongdoer, has no right to put the other party upon proof of title."

(See, also, Raeb v. Heath, 8 Blackf., 575; Bennett v. Coffin, 4 Ind., 219; Barber v. Barber, 21 Ind., 468; Cornes v. Harris, 1 Comst. N. Y., 223).

For error in the charge of the court the judgment below must be reversed and the cause remanded.